IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION, HORRY COUNTY

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>vs.<br><br>Agape Community Hospice of the Grand Strand, Inc. n/k/a LTC Community Hospice of The Grand Strand Inc.,<br><br>               Defendant. | Case No.:  4:24-cv-05925-JD<br><br>**COMPLAINT**<br>**CLAIM FOR A DEBT**<br><br>(NON-JURY) |

Plaintiff, United States of America, acting herein by undersigned counsel, private counsel for the United States Attorney for the District of South Carolina, complains and alleges as follows:

1. That this action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. That the Defendant, Agape Community Hospice of the Grand Strand now doing business as LTC Community Hospice of the Grand Strand Inc is a corporate entity registered with the state of South Carolina with an address of 2320 US-378, Conway, SC 29527 within the court's jurisdiction. A notice of name change was filed with the South Carolina Secretary of State's Office on December 20, 2021 (copy attached as Exhibit "A").

3. This claim arises in connection with Defendant's failure to fully repay overpayments to the U.S. Department of Health and Human Services ("HHS"), Centers for Medicare and Medicaid Services, an agency of the United States of America.

4. Prior to the commencement of this action, demand has been made upon Defendant by the Plaintiff for payment of the sum due which is now due, owing, and unpaid.

1

## FOR A FIRST CAUSE OF ACTION

**(Suit to Recover Medicare Overpayments for Claim No. TRFM 9999697/2022A41653)**

5. That the allegations contained in the preceding paragraphs 1 through 3, inclusive, are incorporated herein as if specifically repeated.

6. The debt stems from HHS determinations that Defendant received an overpayment from the Centers for Medicare and Medicaid Services ("CMS") for hospice services rendered. Defendant received a reimbursement overpayment in excess of the caps provided for hospice care agencies as described in 42 CFR Section 418.309.

7. On October 17, 2018, HHS determined the debtor delinquent for failing to repay an overpayment in the amount of $289,726.00 with an annual interest rate of 10.25%. HHS sent the debtor overpayment demand letters advising of the existence and amount of the overpayment and requesting payment to no avail. Defendant is responsible for following correct Medicare filing procedures, and in this situation billed and/or received payment for services it should have known it was not entitled to. Therefore, Defendant is not without fault and owes a duty to repay the overpayment amount. *See* Section 1870(b)(c) of the Social Security Act; Subsections 405.350 – 405.359 of Title 42 CFR, Subsections 404.506 – 404.509, 404.510a and 404.512 of Title 20 of the United States Code of Federal Regulations.

8. The debt was referred to the U.S. Department of Treasury, Bureau of the Fiscal Service, Debt Management Services ("DMS") for debt collection pursuant to the Debt Collection Improvement Act of 1996 (DCIA), Pub. L. No. 104-134. On July 13, 2018, Palmetto GBA, in its authority as an agent of CMS, sent a demand letter to Defendant requesting payment to no avail. The debt was assigned to the U.S. Department of the Treasury and a demand letter was sent to Defendant on November 23, 2018 for this claim.

9. As of May 30, 2024, Defendant is indebted to the Plaintiff in the amount of $289,726.00 in principal and $174,086.29 in interest for a total amount of $463,812.29, with interest which continues to accrue at the rate of 10.25 percent per annum and $81.36 per diem. See Exhibit "B" attached hereto and incorporated herein which exhibit consists of the Certificate of Indebtedness.

## FOR A SECOND CAUSE OF ACTION

### (Suit to Recover Medicare Overpayments for Claim No. TRFM 12927202/2022A41661)

10. That the allegations contained in the preceding paragraphs 1 through 9, inclusive, are incorporated herein as if specifically repeated.

11. The debt stems from HHS determinations that Defendant received an overpayment from the CMS for hospice services rendered. Defendant received a reimbursement overpayment in excess of the caps provided for hospice care agencies as described in 42 CFR Section 418.309.

12. On December 1, 2019, HHS determined the debtor delinquent for failing to repay an overpayment in the amount of $217,281.00 with an annual interest rate of 10.63%. HHS sent the debtor overpayment demand letters advising of the existence and amount of the overpayment and requesting payment to no avail. Defendant is responsible for following correct Medicare filing procedures, and in this situation billed and/or received payment for services it should have known it was not entitled to. Therefore, Defendant is not without fault and owes a duty to repay the overpayment amount. *See* Section 1870(b)(c) of the Social Security Act; Subsections 405.350 – 405.359 of Title 42 CFR, Subsections 404.506 – 404.509, 404.510a and 404.512 of Title 20 of the United States Code of Federal Regulations.

13. The debt was referred to the U.S. Department of Treasury, Bureau of the Fiscal

Service, DMS for debt collection pursuant to the Debt Collection Improvement Act of 1996 (DCIA), Pub. L. No. 104-134. On August 27, 2019, Palmetto GBA, in its authority as an agent of CMS, sent a demand letter to Defendant requesting payment to no avail. The debt was assigned to the U.S. Department of the Treasury and a demand letter was sent to Defendant on January 13, 2020 for this claim.

14. As of May 30, 2024, Defendant is indebted to the Plaintiff in the amount of $217,281 in principal and $109,195.47 in interest for a total amount of $326,476.47, with interest which continues to accrue at the rate of 10.63 percent per annum and $63.28 per diem. See Exhibit "B" attached hereto and incorporated herein which exhibit consists of the Certificate of Indebtedness.

**FOR A THIRD CAUSE OF ACTION**

**(Suit to Recover Medicare Overpayments for Claim No. TRFM 99999696/2022A41666)**

15. That the allegations contained in the preceding paragraphs 1 through 14, inclusive, are incorporated herein as if specifically repeated.

16. The debt stems from HHS determinations that Defendant received an overpayment from the CMS for hospice services rendered. Defendant received a reimbursement overpayment in excess of the caps provided for hospice care agencies as described in 42 CFR Section 418.309.

17. On October 17, 2018, HHS determined the debtor delinquent for failing to repay an overpayment in the amount of $52,927.95 with an annual interest rate of 10.25%. HHS sent the debtor overpayment demand letters advising of the existence and amount of the overpayment and requesting payment to no avail. Defendant is responsible for following correct Medicare filing procedures, and in this situation billed and/or received payment for services it should have known

it was not entitled to. Therefore, Defendant is not without fault and owes a duty to repay the overpayment amount. *See* Section 1870(b)(c) of the Social Security Act; Subsections 405.350 – 405.359 of Title 42 CFR, Subsections 404.506 – 404.509, 404.510a and 404.512 of Title 20 of the United States Code of Federal Regulations.

      18.    The debt was referred to the U.S. Department of Treasury, Bureau of the Fiscal Service, DMS for debt collection pursuant to the Debt Collection Improvement Act of 1996 (DCIA), Pub. L. No. 104-134. On July 13, 2018, Palmetto GBA, in its authority as an agent of CMS, sent a demand letter to Defendant requesting payment to no avail. The debt was assigned to the U.S. Department of the Treasury and a demand letter was sent to Defendant on November 23, 2018 for this claim.

      19.    As of May 30, 2024, Defendant is indebted to the Plaintiff in the amount of $52,927.95 in principal and $9,673.75 in interest for a total amount of $62,601.70, with interest which continues to accrue at the rate of 10.25 percent per annum and $20.46 per diem. See Exhibit "B" attached hereto and incorporated herein which exhibit consists of the Certificate of Indebtedness.

**FOR A FOURTH CAUSE OF ACTION**

**(Suit to Recover Medicare Overpayments for Claim No. TRFM 11766190/2022A41670)**

      20.    That the allegations contained in the preceding paragraphs 1 through 19, inclusive, are incorporated herein as if specifically repeated.

      21.    The debt stems from HHS determinations that Defendant received an overpayment from the CMS for hospice services rendered. Defendant received a reimbursement overpayment in excess of the caps provided for hospice care agencies as described in 42 CFR Section 418.309.

22. On June 30, 2019, HHS determined the debtor delinquent for failing to repay an overpayment in the amount of $64,019 with an annual interest rate of 10.75%. HHS sent the debtor overpayment demand letters advising of the existence and amount of the overpayment and requesting payment to no avail. Defendant is responsible for following correct Medicare filing procedures, and in this situation billed and/or received payment for services it should have known it was not entitled to. Therefore, Defendant is not without fault and owes a duty to repay the overpayment amount. *See* Section 1870(b)(c) of the Social Security Act; Subsections 405.350 – 405.359 of Title 42 CFR, Subsections 404.506 – 404.509, 404.510a and 404.512 of Title 20 of the United States Code of Federal Regulations.

23. The debt was referred to the U.S. Department of Treasury, Bureau of the Fiscal Service, DMS for debt collection pursuant to the Debt Collection Improvement Act of 1996 (DCIA), Pub. L. No. 104-134. On March 26, 2019 CMS sent a demand letter to Defendant requesting payment to no avail.

24. As of May 30, 2024, Defendant is indebted to the Plaintiff in the amount of $64,019 in principal and $35,440.97 in interest for a total amount of $99,459.97, with interest which continues to accrue at the rate of 10.75 percent per annum and $18.85 per diem. See Exhibit "B" attached hereto and incorporated herein which exhibit consists of the Certificate of Indebtedness.

**FOR A FIFTH CAUSE OF ACTION**

**(Suit to Recover Medicare Overpayments for Claim No. TRFM 11766189/2022A41669)**

25. That the allegations contained in the preceding paragraphs 1 through 24, inclusive, are incorporated herein as if specifically repeated.

26. The debt stems from HHS determinations that Defendant received an

overpayment from the CMS for hospice services rendered. Defendant received a reimbursement overpayment in excess of the caps provided for hospice care agencies as described in 42 CFR Section 418.309.

27.     On July 3, 2019, HHS determined the debtor delinquent for failing to repay an overpayment in the amount of $35,111.76 with an annual interest rate of 10.75%. HHS sent the debtor overpayment demand letters advising of the existence and amount of the overpayment and requesting payment to no avail. Defendant is responsible for following correct Medicare filing procedures, and in this situation billed and/or received payment for services it should have known it was not entitled to. Therefore, Defendant is not without fault and owes a duty to repay the overpayment amount. *See* Section 1870(b)(c) of the Social Security Act; Subsections 405.350 – 405.359 of Title 42 CFR, Subsections 404.506 – 404.509, 404.510a and 404.512 of Title 20 of the United States Code of Federal Regulations.

28.     The debt was referred to the U.S. Department of Treasury, Bureau of the Fiscal Service, DMS for debt collection pursuant to the Debt Collection Improvement Act of 1996 (DCIA), Pub. L. No. 104-134. On March 27, 2019, CMS sent a demand letter to Defendant requesting payment to no avail. The debt was assigned to the U.S. Department of the Treasury and a demand letter was sent to Defendant on August 12, 2019 for this claim.

29.     As of May 30, 2024, Defendant is indebted to the Plaintiff in the amount of $35,111.76 in principal and $19,437.83 in interest for a total amount of $54,549.59, with interest which continues to accrue at the rate of 10.75 percent per annum and $10.34 per diem. See Exhibit "B" attached hereto and incorporated herein which exhibit consists of the Certificate of Indebtedness.

**FOR A SIXTH CAUSE OF ACTION**

**(Suit to Recover Medicare Overpayments for Claim No. TRFM 12927201/2022A41672)**

30. That the allegations contained in the preceding paragraphs 1 through 29, inclusive, are incorporated herein as if specifically repeated.

31. The debt stems from HHS determinations that Defendant received an overpayment from the CMS for hospice services rendered. Defendant received a reimbursement overpayment in excess of the caps provided for hospice care agencies as described in 42 CFR Section 418.309.

32. On December 1, 2019, HHS determined the debtor delinquent for failing to repay an overpayment in the amount of $33,693 with an annual interest rate of 10.63%. HHS sent the debtor overpayment demand letters advising of the existence and amount of the overpayment and requesting payment to no avail. Defendant is responsible for following correct Medicare filing procedures, and in this situation billed and/or received payment for services it should have known it was not entitled to. Therefore, Defendant is not without fault and owes a duty to repay the overpayment amount. *See* Section 1870(b)(c) of the Social Security Act; Subsections 405.350 – 405.359 of Title 42 CFR, Subsections 404.506 – 404.509, 404.510a and 404.512 of Title 20 of the United States Code of Federal Regulations.

33. The debt was referred to the U.S. Department of Treasury, Bureau of the Fiscal Service, DMS for debt collection pursuant to the Debt Collection Improvement Act of 1996 (DCIA), Pub. L. No. 104-134. On August 27, 2019, Palmetto GBA, in its authority as an agent of CMS sent a demand letter to Defendant requesting payment to no avail. The debt was assigned to the U.S. Department of the Treasury and a demand letter was sent to Defendant on January 13, 2020 for this claim.

34. As of May 30, 2024, Defendant is indebted to the Plaintiff in the amount of

$33,693 in principal and $16,932.54 in interest for a total amount of $50,625.54, with interest which continues to accrue at the rate of 10.63 percent per annum and $9.81 per diem. See Exhibit "B" attached hereto and incorporated herein which exhibit consists of the Certificate of Indebtedness.

**FOR A SEVENTH CAUSE OF ACTION**

**(Suit to Recover Medicare Overpayments for Claim No. TRFM 11827458/2022A41678)**

35.     That the allegations contained in the preceding paragraphs 1 through 3, inclusive, are incorporated herein as if specifically repeated.

36.     The debt stems from HHS determinations that Defendant received an overpayment from the CMS for hospice services rendered. Defendant received a reimbursement overpayment in excess of the caps provided for hospice care agencies as described in 42 CFR Section 418.309.

37.     On July 10, 2019, HHS determined the debtor delinquent for failing to repay an overpayment in the amount of $852.01 with an annual interest rate of 10.75%. HHS sent the debtor overpayment demand letters advising of the existence and amount of the overpayment and requesting payment to no avail. Defendant is responsible for following correct Medicare filing procedures, and in this situation billed and/or received payment for services it should have known it was not entitled to. Therefore, Defendant is not without fault and owes a duty to repay the overpayment amount. *See* Section 1870(b)(c) of the Social Security Act; Subsections 405.350 – 405.359 of Title 42 CFR, Subsections 404.506 – 404.509, 404.510a and 404.512 of Title 20 of the United States Code of Federal Regulations.

38.     The debt was referred to the U.S. Department of Treasury, Bureau of the Fiscal

Service, DMS for debt collection pursuant to the Debt Collection Improvement Act of 1996 (DCIA), Pub. L. No. 104-134. On August 27, 2019, Palmetto GBA, in its authority as an agent of CMS sent a demand letter to Defendant requesting payment to no avail. The debt was assigned to the U.S. Department of the Treasury and a demand letter was sent to Defendant on January 13, 2020 for this claim.

39.    As of May 30, 2024, Defendant is indebted to the Plaintiff in the amount of $852.01 in principal and $469.91 in interest for a total amount of $1,321.92, with interest which continues to accrue at the rate of 10.75 percent per annum and $0.25 per diem. See Exhibit "B" attached hereto and incorporated herein which exhibit consists of the Certificate of Indebtedness.

WHEREFORE, Plaintiff prays judgment against Defendant on each claim as follows:

First Cause of Action for $217,281.00, accumulated interest of $109,195.47, plus interest which continues to accrue at the rate of 10.25 percent per annum and $81.36 per diem from May 30, 2024 to the date of judgment, for the total amount of $463,812.29,

Second Cause of Action for $52,927.95, accumulated interest of $9,673.75, plus interest which continues to accrue at the rate of 10.63 percent per annum and $63.28 per diem from May 30, 2024 to the date of judgment, for the total amount of $326,476.47,

Third Cause of Action for $52,927.95, accumulated interest of $9,673.75, plus interest which continues to accrue at the rate of 10.25 percent per annum and $20.46 per diem from May 30, 2024 to the date of judgment, for the total amount of $62,601.70,

Fourth Cause of Action for $64,019, accumulated interest of $35,440.97, plus interest which continues to accrue at the rate of 10.75 percent per annum and $18.85 per diem from May 30, 2024 to the date of judgment, for the total amount of $99,459.97,

Fifth Cause of Action for $35,111.76, accumulated interest of $19,437.83, plus interest

which continues to accrue at the rate of 10.75 percent per annum and $10.34 per diem from May 30, 2024 to the date of judgment, for the total amount of $54,549.59,

Sixth Cause of Action for $33,693, accumulated interest of $16,932.54, plus interest which continues to accrue at the rate of 10.63 percent per annum and $9.81 per diem from May 30, 2024 to the date of judgment, for the total amount of $50,625.54, and

Seventh Cause of Action for $852.01, accumulated interest of $469.91, plus interest which continues to accrue at the rate of 10.75 percent per annum and $0.25 per diem from May 30, 2024 to the date of judgment, for the total amount of $1,321.92.

Plaintiff demands judgment against the Defendant in the sum of $1,058,847.48 plus accrued interest, interest at the legal rate from the date of judgment until paid in full, plus costs, attorney fees, and such other relief as may be determined appropriate by the Court.

Dated this 16th day of October, 2024.

Respectfully submitted,

By:    /s/Eric Hale
Eric Hale (Federal ID #9404)
On behalf of Schuerger Law Group
1044 Wildwood Centre Drive
Columbia, SC 29229
(803) 726-3558 - Tel.
Email: ehale@schuergerlaw.com
Copies to: efiling@schuergerlaw.com
*Attorney for Plaintiff United States of America*